*Williford & Duke,* contra.

---

14751. BRASWELL *v.* BRASWELL & SON.

STEPHENS, J. 1. Prior to August 21, 1922, growing crops ungathered passed as part of the realty, and a bona fide purchaser of the land for value without notice of the existence of a mortgage upon the growing crops acquired title to the crops.

2. A statement to a purchaser that there was in existence a mortgage upon the property purchased, when no such mortgage existed, does not constitute notice of a mortgage afterwards created upon the property before the sale.

3. The evidence admitted and objected to as set out in the first ground of the amendment to the motion for a new trial, being an extrajudicial statement of the witness, and such statement not being impeaching in character and not having been made in the presence of one of the parties to the case, is irrelevant and immaterial, and was therefore improperly admitted.

4. This being an issue formed upon a claim filed to property levied on under a mortgage foreclosure, and it appearing from undisputed evidence that the claimant was a bona fide purchaser for value, without notice of the mortgage, the verdict for the plaintiff in fi. fa., finding the property sub-

ject, was unauthorized, and the court erred in overruling the claimant's motion for a new trial.

    *Judgment reversed.　Jenkins, P. J., and Bell, J., concur.*

      Decided February 28, 1934.

 Levy and claim; from city court of Monroe—Judge Felker. May 16, 1923.

 *R. L. & H. C. Cox, E. W. Roberts,* for plaintiff in error.

 *A. C. Stone, Orrin Roberts,* contra.